Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



**Sean W. Sloan**
215.963.5084
ssloan@morganlewis.com

May 24, 2012

**VIA ELECTRONIC FILING**

The Honorable Roanne L. Mann
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Akman v. Pep Boys Manny, Moe & Jack of Delaware, Inc.
d/b/a Pep Boys Auto*; Civil Action No. 11-03252-MKB-RLM

Dear Judge Mann:

We represent Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc. ("Pep Boys") in the above-referenced matter. Pursuant to Local Rule 37.3 and Federal Rules of Civil Procedure 37, Pep Boys respectfully requests an Order compelling Plaintiff Mohammad Akman to respond to Pep Boys' written discovery requests and awarding costs and fees.

On April 2, 2012, Pep Boys served its First Set of Interrogatories and First Request for Production of Documents on Plaintiff via overnight mail (attached hereto as Exhibits "A" and "B," respectively). In an accompanying cover letter, Pep Boys also asked Plaintiff's counsel to respond with available dates for Plaintiff's deposition (attached hereto as Exhibit "C"). According to the Federal Rules of Civil Procedure, Plaintiff's objections and responses to Pep Boys' written discovery requests were due on or before May 3, 2012. *See* Fed.R.Civ.P. 33(b)(2); 34(b)(2)(A) (providing that responses to interrogatories and requests for production of documents must be served within 30 days).

On May 9, 2012, I sent a letter to Plaintiff's counsel informing him that Plaintiff's written discovery responses were overdue and requesting that he respond within one week (attached hereto as Exhibit "D"). I also enclosed a notice scheduling Plaintiff's deposition for June 7, 2012 (attached hereto as Exhibit "E"). Plaintiff's counsel did not respond to that letter. Furthermore, I attempted to contact Plaintiff's counsel by telephone on Monday, May 21, 2012. Plaintiff's counsel did not answer his phone or return my voicemail.



Plaintiff has simply failed to cooperate in discovery, and he has consistently ignored Pep Boys' communications in that regard.  Plaintiff's deposition is scheduled just over two weeks from the date of this letter, and Defendant presently has no documents from Plaintiff or other discovery responses with which to prepare.  Moreover, Plaintiff has not identified his health care providers such that Pep Boys could subpoena Plaintiff's medical records beforehand.  Finally, fact discovery is set to conclude on June 29, 2012, according to the January 27, 2012 Initial Conference Order entered in this case (attached hereto as Exhibit "F").

With the discovery deadline fast approaching, Pep Boys respectfully requests that the Court order Plaintiff to (1) produce all documents, without objection, requested in Pep Boys' First Request for Production of Documents; (2) answer all interrogatories, without objection, contained in Pep Boys' First Set of Interrogatories; and (3) reimburse Pep Boys for the costs and attorneys' fees incurred in connection with this letter motion.  *See* Fed.R.Civ.P. 37(a)(5)(A) (providing party moving for an order compelling discovery can recover reasonable expenses, including attorney's fees, if the motion is granted).

Thank you for your consideration of this matter.


Respectfully Submitted,


*/s/ Sean W. Sloan*
Sean W. Sloan

SWS



c:     Joel M. Gluck, Esquire
       Michael L. Banks, Esquire