**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MOHAMMAD AKMAN,**

                       **Plaintiff,**

             **-against-**

**PEP BOYS MANNY, MOE & JACK**
**OF DELAWARE INC.,**

                       **Defendant.**
-------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**11-CV-3252 (SLT)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a series of letter-motions filed last month by defendant Pep Boys Manny, Moe & Jack of Delaware Inc. ("defendant" or "Pep Boys"), seeking additional monetary sanctions and dismissal of the claims of plaintiff Mohammad Akman ("plaintiff"), based on plaintiff's counsel's failure to comply with a prior sanction order of this Court and plaintiff's apparent abandonment of the case. See Letter Motion for Sanctions (Dec. 4, 2012) ("12/4/12 Def. Motion"), Electronic Case Filing Docket Entry ("DE") #37; Reply In Support of Letter Motion (Dec. 17, 2012) ("12/17/12 Def. Motion"), DE #39; Status Report (Dec. 26, 2012) ("12/26/12 Def. Motion"), DE #40. This is the fourth time that defendant has moved to dismiss this action for lack of prosecution. See Letter Motion to Dismiss for Lack of Prosecution (June 6, 2012), DE #15; Letter Motion to Dismiss for Lack of Prosecution (June 18, 2012), DE #19; Letter Motion to Dismiss for Lack of Prosecution (Oct. 16, 2012) ("10/16/12 Motion to Dismiss"), DE #31. Despite repeated admonitions from the Court, and a consent award of monetary sanctions against plaintiff's counsel, see, e.g., Memorandum and Order (June 1, 2012) at 2, DE #14; Order To Show

Cause (June 6, 2012), DE #16; Minute Entry (June 14, 2012) ("6/14/12 Minute Entry") at 2, DE #18; Order To Show Cause (June 19, 2012), DE #20; Minute Entry (June 22, 2012) ("6/22/12 Minute Entry"), DE #21; Memorandum and Order (Oct. 31, 2012) ("10/31/12 M&O"), DE #32; Order To Show Cause (Dec. 5, 2012) ("12/5/12 OTSC"), DE #38; see generally Report and Recommendation (Aug. 10, 2012) ("8/10/12 R&R"), DE #25, plaintiff and his attorney, Joel M. Gluck, have persisted in flouting the Court's orders and their obligation to diligently prosecute the claims in this case. Indeed, although more than a month has passed since defendant renewed its motion for sanctions, plaintiff has not deigned to submit opposing papers or to otherwise respond to defendant's request.

Accordingly, it is abundantly clear that sanctions short of dismissal have been and will be entirely ineffective in securing compliance by plaintiff and his counsel. For that reason, and the other reasons outlined below, this Court recommends that the District Court dismiss the case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; threaten Mr. Gluck with a contempt citation if he fails to pay the previously imposed sanction; and bring Mr. Gluck's derelictions to the attention of the relevant attorney disciplinary committees.

## BACKGROUND

The procedural history of this case is detailed in the Court's Report and Recommendation of August 10, 2012, as follows:[1]

---

[1] The footnotes to the excerpted portion of that opinion are not reproduced herein, and some of the internal record citations have been simplified.

On July 5, 2011, plaintiff filed the instant action against Pep Boys, alleging multiple violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290, 296. See Complaint ¶ 1, DE #1. Plaintiff alleges that from October 28, 2007, to April 23, 2009, during his employment as an auto repair technician in the Pep Boys service department at 354 4th Avenue, Brooklyn, New York, he was discriminated against on the basis of his race, nationality, and religion. See id. ¶¶ 1, 8, 9, 31. According to plaintiff, he complained about these hostile working conditions, but defendant took no remedial action. See id. ¶ 19. As a result of these alleged hostile and discriminatory working conditions, plaintiff claims to have "developed severe depression, anxiety, mental anguish and emotional distress," which impacted his job performance and ultimately led to his termination in 2009. Id. ¶ 47. Plaintiff seeks injunctive, declaratory, and compensatory relief. See id. ¶ 2.

At the initial conference before this Court on January 27, 2012, the undersigned magistrate judge set a fact discovery deadline of June 29, 2012. See Minute Entry (Jan. 27, 2012), DE #11. As the deadline approached, disputes over discovery arose. On May 24, 2012, defendant filed a motion to compel plaintiff to answer interrogatories and produce documents. See Motion to Compel Answers to Interrogatories and Production of Documents (May 24, 2012), DE #12. That same day, this Court ordered plaintiff to show cause as to why the relief requested by defendant should not be granted. See Order to Show Cause (May 24, 2012), DE #13. Plaintiff's counsel ignored this Court's order and did not respond. See Memorandum and Order (June 1, 2012) at 2, DE #14. Accordingly, on June 1, 2012, this Court granted defendant's motion to compel to the extent that plaintiff was directed to respond to all discovery demands by June 5, 2012, and to appear for his deposition on June 7, 2012. See id. The Court further warned plaintiff that any future violations of discovery obligations or court orders would result in monetary sanctions and a recommendation that the complaint be dismissed for lack of prosecution. See id.

Despite the Court's order and warning, plaintiff failed to comply with his discovery obligations, prompting defendant, on June 6, 2012, to file a motion to dismiss with prejudice for lack of prosecution and for violating the Court's June 1st Order; defendant also sought monetary sanctions. See Motion to Dismiss for Lack of Prosecution (June 6, 2012), DE #15. This Court, once again, ordered plaintiff to show cause as to why

defendant's motion should not be granted in its entirety. See Order to Show Cause (June 6, 2012), DE #16. Moreover, the Court warned plaintiff that his failure to respond would result in the imposition of sanctions, including but not limited to fees and costs, and a recommendation of dismissal with prejudice. See id. This time, plaintiff heeded the Court's warning and responded to defendant's motion, albeit one day past the deadline. See Affidavit/Declaration in Opposition (June 12, 2012), DE #17.

In that response, plaintiff's counsel apologized for the delay and offered excuses that included: a deposition in an unrelated matter that lasted longer than anticipated, a trial in a different case, two Appellate Division briefs, and a limited staff due to illness. See id. In a telephone conference held to address defendant's motion to dismiss, this Court found these excuses inadequate. See Minute Entry for Telephone Conference (June 14, 2012) at 1, DE #18. Nevertheless, in light of plaintiff's counsel's agreement to reimburse defendant for the fees and expenses incurred in securing plaintiff's discovery compliance, defendant agreed to withdraw its motion to dismiss. See id. at 1-2. Plaintiff received a third warning that any further violations would result in a recommendation of dismissal. See id. at 2. Additionally, the Court instructed plaintiff to serve his remaining outstanding discovery responses on defendant by the next day. See id.

Once again, plaintiff failed to comply with the Court's directive; despite defense counsel's attempts to e-mail and telephone plaintiff's counsel, plaintiff did not deliver his overdue discovery responses to defendant. See Motion to Dismiss for Lack of Prosecution (June 18, 2012) at 1, DE #19. Defendant filed [yet another] letter-motion, renewing its request that the case be dismissed for lack of prosecution. See id. at 2. This Court ordered plaintiff and his counsel to appear for a hearing before this Court on June 22, 2012, and show cause why the case should not be dismissed. See Order to Show Cause (June 19, 2012), DE #20.

Plaintiff and his counsel did attend the hearing as directed, but plaintiff's counsel continued to make excuses for having repeatedly violated court orders. See Minute Entry (June 22, 2012), DE #21. He could not, however, explain why he had failed to apply to the Court for additional time to comply with its orders. See id. Defendant again asked the Court to dismiss the case, and the Court took the matter under advisement. See id.

8/10/12 R&R at 1-5.

Thereafter, on August 10, 2012, this Court issued its Report and Recommendation, wherein it recommended against the "harsh remedy" of a Rule 41(b) dismissal. Id. at 10 (citation omitted). Specifically, the Court analyzed the facts of the case in light of the five-factor test enunciated by the Second Circuit in United States *ex rel.* Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004), to determine whether involuntary dismissal was warranted. See generally 8/10/12 R&R at 10. At that point in the litigation, the Court concluded that neither the duration of plaintiff's failure to prosecute, nor the prejudice to defendant, was of sufficient magnitude to warrant the extreme sanction of dismissal. See id. at 7-10. In that regard, the Court observed that the prejudice to defendant had been eliminated by plaintiff's counsel's agreement to pay defendant for the fees and costs incurred in seeking to secure plaintiff's compliance with his discovery obligations. See id. at 9. Additionally, the Court noted that, as a result of plaintiff's discovery violations, and in fairness to defendant, the Court had extended the deadline for defendant to conduct fact discovery. See id. at 4 n.5; Endorsed Order (Aug. 1, 2012), DE #24.

No objection was taken to this Court's Report and Recommendation, which was adopted by the District Court on August 29, 2012. See Order Adopting Report and Recommendation (Aug. 29, 2012), DE #28.

Even after the issuance of the Court's Report and Recommendation, the noncompliant conduct of plaintiff and plaintiff's counsel continued unabated. On October 16, 2012, defendant renewed its request for sanctions and dismissal, on account of (1) plaintiff's counsel's purported payment of the prior monetary sanction with a check that "bounced," and

his failure to replace that check with one supported by sufficient funds; and (2) plaintiff's belated and deficient responses to plaintiff's discovery demands and his failure to cure those defects. See 10/16/12 Motion to Dismiss. The Court denied the motion to dismiss, based on plaintiff's counsel's representation that plaintiff had, in the interim, finally "fully complied" with defendant's discovery demands, see Response in Opposition (Nov. 8, 2012) at 1, DE #34, and counsel's assurance that his obligation to pay the court-ordered sanction would "be addressed within the next few weeks." Id. at 3; see Memorandum and Order (Nov. 27, 2012) ("11/27/12 M&O") at 1-2, DE #36. While denying the motion to dismiss, the Court made clear that its patience with plaintiff and plaintiff's counsel was wearing thin; after noting that the case "ha[d] been characterized by repeated discovery violations on plaintiff's part, in the face of a series of warnings from the Court that continued noncompliance could result in dismissal of his claims," 11/27/12 M&O at 2, the Court added:

> Nevertheless, this Court is of the view that the violations cited in the pending motion are largely the fault of plaintiff's counsel, rather than plaintiff. While the Court would be amply justified in attributing the acts of counsel to his client, the preferable course, in this Court's view, is to deny the renewed motion to dismiss, grant defendant's alternative motion for an extension of time, and deal separately with plaintiff's counsel's persistent flouting of court orders.

Id. The Court further extended discovery for defendant until January 15, 2013, and directed counsel to deliver to defendant, by November 30, 2012, a certified check or bank check to replace the June 2012 check that had been returned for insufficient funds. See id. at 3. Given the pattern of violations in this case, the Court ruled that "[d]efendant's acceptance of the replacement check will be without prejudice to an application by defendant for additional sanctions based on plaintiff's counsel's continued violations of court orders." Id.

One week later, defendant filed an application for additional sanctions, citing plaintiff's counsel's failure to produce the court-ordered replacement check, or to communicate with plaintiff's counsel about the same. See 12/4/12 Def. Motion at 1. The following day, this Court endorsed an order directing plaintiff's counsel to show cause, by December 10, 2012, why further sanctions should not be imposed on him and his client, and why counsel should not be referred to the appropriate attorney disciplinary bodies. See 12/5/12 OTSC. That court order was met with radio silence from plaintiff and his counsel, prompting defendant to move to dismiss the action. See 12/17/12 Def. Motion. Plaintiff still has not furnished defendant with a replacement check or otherwise communicated with defense counsel. See 12/26/12 Def. Motion.

## DISCUSSION

As detailed in this Court's 8/10/12 R&R, the Second Circuit has developed a five-factor test to determine whether, under Rule 41(b), the harsh sanction of involuntary dismissal is warranted. See 8/10/12 R&R at 5-6 (citing, *inter alia*, Drake, 375 F.3d at 254).[2] This Court need not exhaustively analyze each of the five factors (no one of which is dispositive), as the

---

[2] The five-factor test asks whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Drake, 375 F.3d at 254.

foregoing recitation of the factual history of this case cries out for dismissal, as well as other sanctions.

***(1) Duration of the failures:*** As previously discussed by this Court, the first *Drake* factor embodies two components: (a) whether the failures to prosecute were those of the plaintiff, and (b) whether those failures were of sufficient duration. See Drake, 375 F.3d at 255. Both of these components now favor dismissal. It is undisputed that plaintiff and/or plaintiff's counsel were solely responsible for the failure to prosecute. In the past, plaintiff's counsel apologized for his delays, but offered lame excuses for his delinquent behavior; in response to this latest round of motions for sanctions, plaintiff has not responded at all, despite an order to do so from the Court.

The second aspect of the first *Drake* factor is whether the failure to prosecute was of significant duration. In recommending against dismissal back in August, the Court noted that at that point the delay "spanned at most two months . . . ." 8/10/12 M&O at 7. At this point, the duration of plaintiff's derelictions has multiplied. This factor no longer weighs in plaintiff's favor. See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980) (affirming dismissal under Rule 41(b) where plaintiff failed to prosecute for six months); Peters-Turnbull v. Bd. of Educ. of the City of N.Y., No. 96 Civ. 4914 (SAS), 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999) (delay between five to ten months falls within the range sufficient for dismissal).

***(2) Notice:*** The second *Drake* factor -- whether plaintiff had sufficient notice that noncompliance with court orders carried with it the possibility of dismissal -- was found five months ago to tip in favor of dismissal. See 8/10/12 M&O at 8; see also court orders cited

*supra* pp. 1-2. Since that time, plaintiff's contumacious conduct has continued, prompting the Court to issue additional admonitions, including threats of dismissal and referral of counsel's conduct to attorney disciplinary committees. See 10/31/12 M&O; 12/5/12 OTSC. Plaintiff thus has had ample notice.

*(3) Prejudice to Defendant:* Whether defendant is likely to be prejudiced by further delay turns on the degree to which the delay was lengthy and inexcusable. See Drake, 375 F.3d at 256. At this point in the litigation, the delay was both. Defendant has repeatedly been constrained to file motions with the Court in order to obtain the discovery to which it is entitled and in order to move the case forward. Earlier in the case, plaintiff's counsel agreed to reimburse defendant for the fees and expenses it had incurred in doing so, and the Court ordered that plaintiff's counsel do so. To date, those costs have not been reimbursed, and defendant's legal fees have continued to mount. Defendant has been prejudiced by plaintiff's failures.

*(4) Balancing Court Congestion and Due Process:* The Court is not prepared to say that the delays in this case, while unquestionably annoying, have had an extreme effect on court congestion. See generally 8/10/12 M&O at 9. On the other hand, plaintiff has been afforded more process than that to which he is due. This balancing factor tips neither for nor against dismissal.

*(5) The Efficacy of Lesser Sanctions:* In issuing its 8/10/12 M&O, this Court was under the mistaken impression that lesser sanctions -- including monetary sanctions -- had had their intended effect. See 8/10/12 M&O at 9-10. In fact, plaintiff's counsel proffered payment

of the prior sanction with a "rubber check"; ignored the Court's order that he replace it with a check supported by sufficient funds; and plaintiff and plaintiff's counsel have apparently abandoned this action, ceasing all communication with defense counsel and failing to respond to this Court's Order To Show Cause of December 5th. Lesser sanctions have been tried, and have been decidedly ineffective.

Having balanced the five *Drake* factors, the Court concludes that the harsh remedy of a Rule 41(b) dismissal is warranted here.

Although dismissal will relieve defendant of the ongoing burden of legal fees and expenses, plaintiff's misconduct has already cost defendant significant sums. Therefore, in addition to dismissal, the District Court should threaten Mr. Gluck with a contempt citation if he fails to pay the previously imposed sanction by a date certain. And his misconduct should be brought to the attention of the appropriate disciplinary bodies.

## **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that defendant's latest motion to dismiss with prejudice be granted; that plaintiff's counsel be held in contempt in the event he fails to pay the previously imposed sanction by a date certain; and that his misconduct be referred for disciplinary action.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Margot K. Brodie on or before **February 4, 2013**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human

<u>Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**January 18, 2013**

        /s/ *Roanne L. Mann*
        **ROANNE L. MANN**
        **UNITED STATES MAGISTRATE JUDGE**