UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MOHAMMAD AKMAN,

                       Plaintiff,

                                                 **MEMORANDUM & ORDER**
                 v.                                            11-CV-3252 (MKB)

PEP BOYS MANNY MOE & JACK OF
DELAWARE, INC., d/b/a PEP BOYS AUTO,

                       Defendant.
----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Plaintiff Mohammad Akman filed the above-captioned action on July 5, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Defendant Pep Boys Manny Moe & Jack of Delaware, Inc., doing business as Pep Boys Auto, has repeatedly moved to dismiss this action for failure to prosecute, as a result of Plaintiff's repeated failures to comply with court orders. On December 4, 2012, Defendant filed a motion for sanctions. On December 17, 2012, after Plaintiff's counsel disregarded another court order, Defendant clarified that it sought sanctions and the dismissal of this action. On January 18, 2013, Magistrate Judge Roanne Mann issued a report and recommendation (the "Report & Recommendation"), recommending that this Court dismiss the Complaint with prejudice, hold Plaintiff's counsel, Joel Gluck, in contempt of court if he fails to pay the previously-imposed sanctions and refer Mr. Gluck's actions to the relevant attorney disciplinary committee for disciplinary action. Plaintiff filed objections to the Report & Recommendation.[1]

---

[1] The day after the objections were due, Plaintiff filed a request for a one-day extension, attaching his objections. (Docket Entry No. 44, Feb. 5, 2013 Pl. Mot. Extension); (Docket Entry No. 45, Feb. 5, 2013 Pl. Obj.) ("Pl. Obj."). The Court granted Plaintiff's application. (Feb. 5, 2013 Order.)

For the reasons set forth below, the Report & Recommendation is adopted in part and rejected in part.

**I. Background**

On June 18, 2012, Defendant filed a motion to dismiss the Complaint for failure to prosecute due to Plaintiff's discovery deficiencies and multiple violations of Court orders. (Docket Entry No. 19, June 18, 2012 Def. Mot. Dismiss.) Judge Mann issued an order directing Plaintiff to show cause, in person, on June 22, 2012, why the Complaint should not be dismissed for lack of prosecution and for repeated violations of discovery orders and why additional monetary sanctions should not be imposed. (Docket Entry No. 20, June 19, 2012 Order to Show Cause.) Plaintiff's counsel Mr. Gluck appeared on June 22, 2012, made "excuses for again violating a court order (the 6/14/12 Minute Entry) but ha[d] no explanation for having failed to apply to the Court for additional time." (Docket Entry No. 21, June 22, 2012 Minute Entry.) Defendant renewed its motion to dismiss the Complaint. On August 10, 2012, Judge Mann filed a report and recommendation, recommending that Defendant's motion to dismiss be denied. (Docket Entry No. 25, Aug. 10, 2012 Report & Recommendation.) No objections were filed, and this Court adopted Judge Mann's report and recommendation in its entirety. (Docket Entry No. 28, Aug. 29, 2012 Order.)

On October 16, 2012, Defendant again moved to dismiss the Complaint for lack of prosecution because Plaintiff still had not complied with Judge Mann's June 14, 2012 order directing Mr. Gluck to pay monetary sanctions and had failed to comply with his discovery obligations. (Docket Entry No. 31, Oct. 16, 2012 Def. Mot. Dismiss.) On October 31, 2012, Judge Mann issued an order, noting that Plaintiff had not responded to Defendant's October 16, 2012 motion to dismiss the Complaint, and directing him to do so. (Docket Entry No. 32,

Oct. 31, 2012 Order.) Judge Mann stated that "Plaintiff's persistent violations of his discovery obligations and judicial orders have been the subject of repeated applications by [D]efendant and repeated admonitions from the Court." (*Id.*) Judge Mann directed Plaintiff, "*on pain of sanctions, including but not limited to dismissal with prejudice*, to respond, in writing, by November 7, 2012, to each and every point detailed in [D]efendant's pending motion." (*Id.*) (emphasis added.) On November 8, 2012, Plaintiff filed a response. (Docket Entry No. 33, Nov. 8, 2012 Pl. Opp'n.) Plaintiff claimed that he had fully complied with Defendant's discovery demands. (*Id.*) Plaintiff acknowledged that the original check he had delivered to pay the monetary sanctions had failed to clear but assured the court that he would comply with the sanctions order within the next few weeks. (*Id.*)

On November 27, 2012, Judge Mann issued an order, denying Defendant's renewed motion to dismiss the Complaint. (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order.) Judge Mann noted that, as of November 21, 2012, Plaintiff had still not paid the monetary sanctions. (*Id.* at 2.) However, Judge Mann stated that Defendant had conceded that Plaintiff had finally complied with his discovery obligations. (*Id.*) Judge Mann concluded that because the violations cited in Defendant's motion "are largely the fault of [P]laintiff's counsel, rather than [P]laintiff[,] . . . the preferable course, in this Court's view, is to deny the renewed motion to dismiss . . . and deal separately with [P]laintiff's counsel's persistent flouting of court orders." (*Id.*) Judge Mann denied Defendant's motion to dismiss the Complaint and ordered that "Plaintiff's counsel must, by November 30, 2012, deliver to [D]efendant a certified check or bank check in the amount of the June 2012 check that was returned for insufficient funds." (*Id.* at 3.) Mr. Gluck did not comply with this order.

On December 4, 2012, Defendant moved for sanctions or any other relief that the Court deemed reasonable under the circumstances, in light of Mr. Gluck's repeated violations of court orders. (Docket Entry No. 37, Dec. 4, 2012 Def. Mot. Sanctions.) On December 5, 2012, Judge Mann ordered Mr. Gluck to show cause, in writing, by December 10, 2012, "why further sanctions should not be imposed on him, and on his client, and why he should not be referred to the appropriate attorney disciplinary bodies, given his continued contumacious conduct." (Docket Entry No. 38, Dec. 5, 2012 Order to Show Cause.) Mr. Gluck did not respond to the Order to Show Cause or Defendant's motion for sanctions. On December 17, 2012, Defendant wrote to Judge Mann, noting that Mr. Gluck had failed to comply with the most recent court order, and asking that its sanctions motion be granted and the action be dismissed. (Docket Entry No. 39, Dec. 17, 2012 Def. Sanctions Reply.) On December 26, 2012, Defendant informed Judge Mann that Mr. Gluck had still not provided the court-ordered payment and Defendant had not had any communications with Mr. Gluck regarding the payment. (Docket Entry No. 40, Dec. 26, 2012 Status Report.) Again, Plaintiff did not respond to Defendant's letter.

Judge Mann issued the Report & Recommendation on January 18, 2013. (Docket Entry No. 41, Jan. 18, 2013 Report & Recommendation at 10.) At that time, Plaintiff had not filed any communications with the court since Defendant had moved for sanctions on December 4, 2012, despite Judge Mann's December 5, 2012 Order directing Plaintiff to respond and Defendant's December 17 and 26, 2012 letters to the court concerning Plaintiff's continued delinquency. Judge Mann's Report & Recommendation recommended that this Court dismiss the Complaint with prejudice, hold Plaintiff's counsel Mr. Gluck in contempt if he fails to pay the previously-

imposed sanctions and refer Mr. Gluck to the relevant attorney disciplinary committee for disciplinary action. (Docket Entry No. 41, Jan. 18, 2013 Report & Recommendation at 10.)

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.* The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Id.*; *see also Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust v. Integrated Structures, Corp.*, No. 11 Civ. 4159, 2012 WL 6086883, at *1 (E.D.N.Y. Sept. 25, 2012).

### b. Objections to the Report & Recommendation

Mr. Gluck objects to Judge Mann's recommendation that the Complaint be dismissed but does *not* challenge the recommendation that he be held in contempt of court and reported to the relevant disciplinary committee. (Pl. Obj. 1.) Mr. Gluck argues that Judge Mann misapplied the balancing test set forth by the Second Circuit in *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248 (2d Cir. 2004). (Pl. Obj. 5–7.) As an initial matter, the Court notes that a district court will generally not consider arguments that were not raised before the magistrate judge. *See Zhao v. State Univ. of N.Y.*, No. 04 Civ. 210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011). Plaintiff failed to respond to Defendant's motion, even after Judge Mann issued an order directing Plaintiff to respond. Thus, Plaintiff did not present any of the arguments raised in his

objections to Judge Mann, and this Court need not consider any of the arguments raised in the objections. *See Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). However, because Judge Mann recommended dismissal, the Court will review Defendant's motion *de novo*.

### c. Involuntary Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Storey v. O'Brien*, 482 F. App'x. 647, 648 (2d Cir. 2012) (quoting *Drake*, 375 F.3d at 254). Although dismissal under Rule 41(b) lies within the discretion of the district court, the Second Circuit has set forth five factors to be considered in determining whether dismissal is appropriate: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that failure to comply or further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *Drake*, 375 F.3d at 254; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999). No one factor is dispositive. *Drake*, 375 F.3d at 254. As discussed below, a review of the factors in this case does not warrant dismissal of the Complaint.

### i. Responsibility and Duration

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Id.* at 255. It is undisputed that Plaintiff and/or Plaintiff's counsel is solely responsible for the failure to prosecute. With regard to duration, Plaintiff argues that discovery has not been significantly delayed. (Pl. Obj. 3.) In recommending against dismissal in August of 2012, Judge Mann noted that at that point, the delay resulting from Plaintiff's failures had "spanned at most two months." (Docket Entry No. 25, Aug. 10, 2012 Report & Recommendation at 7.) In the Report & Recommendation approximately five months later, Judge Mann found that "the duration of [P]laintiff's derelictions ha[d] multiplied." (Docket Entry No. 41, Jan. 18, 2013 Report & Recommendation at 8.) However, as acknowledged by Defendant and Judge Mann, Plaintiff "fully complied" with discovery by November 2012. (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order). Thus, the only continued failure is on the part of Plaintiff's counsel Mr. Gluck, who has yet to provide Defendant with the court-ordered check. (*Id.*) This factor does not weigh in favor of dismissal.

### ii. Notice

Plaintiff concedes that he was given notice that failure to comply with court orders and further delay would result in dismissal. (Pl. Obj. 4.) This factor weighs in favor of dismissal.

### iii. Prejudice

Plaintiff argues that Defendant has not been prejudiced and will not suffer any prejudice from further delay. (Pl. Obj. 4.) Plaintiff claims that the "inability of the Plaintiff's counsel to provide a replacement check is anticipated to be remedied shortly, and Plaintiff's counsel is prepared to accept further legal costs associated with Defendant's subsequent motion." (Pl.

7

Obj. 4.) However, Defendant has repeatedly had to file motions with the Court in order to obtain discovery from, and other actions by, Plaintiff to which Defendant is entitled. Between May and December 2012, Defendant has had to file five motions for failure to prosecute and/or sanctions because of Plaintiff's failure to comply with his discovery and other obligations. (Docket Entry No. 12, May 24, 2012 Def. Mot. Compel); (Docket Entry No. 15, June 6, 2012 Def. Mot. Dismiss); (Docket Entry No. 19, June 18, 2012 Def. Mot. Dismiss); (Docket Entry No. 31, Oct. 16, 2012 Def. Mot. Dismiss); (Docket Entry No. 37, Dec. 4, 2012 Def. Mot. Sanctions). Those motions repeatedly resulted in court orders that Plaintiff blatantly disregarded. (Docket Entry No. 13, May 24, 2012 Order to Show Cause) (order to show cause why Docket Entry No. 12 Motion to Compel should not be granted; Plaintiff did not respond); (Docket Entry No. 14, June 1, 2012 Order) (following Plaintiff's failure to respond to order to show cause, ordering Plaintiff, on pain of sanctions, to respond without objection to all discovery demands by June 5, 2012 and warning Plaintiff that any further violations of court orders and/or discovery obligations would result in imposition of monetary sanctions as well as recommendation of dismissal; Plaintiff failed to serve discovery responses as directed); (Docket Entry No. 16, June 6, 2012 Order to Show Cause) (warning Plaintiff that failure to timely respond to Docket Entry No. 15 Motion to Dismiss would result in imposition of monetary sanctions as well as recommendation of dismissal with prejudice; Plaintiff responded late, without leave); (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order) (denying Docket Entry No. 31 Motion to Dismiss, but ordering Plaintiff's counsel to deliver replacement check for sanctions to Defendant by November 30, 2012; Plaintiff did not comply); (Docket Entry No. 38, Dec. 5, 2012 Order to Show Cause) (ordering Plaintiff to respond to Docket Entry No. 37 Motion for Sanctions and show cause why further sanctions should not be imposed, and why counsel should not be

referred to appropriate disciplinary bodies; Plaintiff did not respond). Plaintiff still has not complied with the sanctions imposed by Judge Mann to reimburse Defendant for the legal fees and costs incurred in obtaining Plaintiff's limited compliance, and Defendant continues to incur such expenses.

However, although it has come at unjustified cost to Defendant, Plaintiff has now fully complied with discovery. (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order). Overall, this factor weighs slightly in favor of dismissal.

### iv. Court Congestion

Plaintiff agrees with Judge Mann's finding that "balancing the court's calendar congestion against . . . [P]laintiff's right to assert his claims does not weigh in favor of dismissal." (Pl. Obj. 4.) The Court agrees that this factor does not weigh in favor of dismissal.

### v. Efficacy of Lesser Sanctions

Plaintiff objects to Judge Mann's conclusion that lesser sanctions have not been effective. (Pl. Obj. 5.) Plaintiff argues that after the imposition of monetary sanctions "Plaintiff complied with discovery demands, appeared for deposition and has attempted and will continue to attempt to satisfy the monetary sanctions while still maintaining a functioning office." (Pl. Obj. 5.) As Mr. Gluck concedes, however, he has not paid the monetary sanctions that were imposed on June 14, 2012. Moreover, in his objections, Mr. Gluck fails to acknowledge that the underlying conduct forming the basis of the dismissal recommendation is his repeated, willful and persistent failure to comply with court orders. Since June 14, 2012, when monetary sanctions were imposed, Plaintiff's counsel has continued to ignore court orders. (Docket Entry No. 18, June 14, 2012 Order) (ordering Plaintiff, on pain of sanctions, to send authorizations to Defense counsel that day, and serve remaining outstanding discovery responses the next day; Plaintiff did

9

not comply); (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order) (ordering Plaintiff's counsel to deliver replacement check for sanctions to Defendant by November 30, 2012; Plaintiff did not comply); (Docket Entry No. 38, Dec. 5, 2012 Order to Show Cause) (ordering Plaintiff to show cause why further sanctions should not be imposed, and why counsel should not be referred to appropriate disciplinary bodies; Plaintiff did not respond). According to Plaintiff, "the only remaining problem, which Plaintiff does not minimize, is his attorney's failure to pay sanctions." (Pl. Obj. 6.) Clearly the lesser sanctions imposed have not instilled in Mr. Gluck respect for the orders of this Court.

Plaintiff argues that the Court has "other less harsh remedies, including a dismissal without prejudice or alternatively issuing an order directing that a Pre Trial Conference not be scheduled until Plaintiff covers past monetary sanctions." (Pl. Obj. 4.) Both of these proposed remedies would cause substantial prejudice to Defendant and do not address Plaintiff's repeated contempt for this Court's orders. These alternatives will simply provide Plaintiff with the outcome he desires — more time to pay the sanctions imposed at his leisure and the ability to continue this action when he is ready to do so, further delaying this litigation to the detriment of Defendant.

Plaintiff's counsel also proposes a confession of judgment, stating that he "has no objection to confession of judgment for the monetary sanctions, permitting the [D]efendant to proceed to enforce a judgment for monetary sanctions." (Pl. Obj. 4.) Plaintiff argues that if such a judgment is entered, Defendant will not have to incur any additional expenses for motions to secure payment of existing sanctions. (Pl. Obj. 5.) Plaintiff claims that "[r]ecovery by way of routine collection efforts will spare . . . Defendant[]s further legal expenses to secure the payment of past sanctions without impairing . . . [P]laintiff's right to have his claims heard."

(*Id.*)  Plaintiff's suggestion that Defendant should be forced to commence collection actions in order to recover the monetary sanctions, payment of which has been repeatedly ordered by Judge Mann, only further demonstrates Plaintiff's willful disregard for the orders issued by the judges of this Court.

Though not listed as one of the *Drake* factors, the Second Circuit in *Drake* noted that "apportionment of blame between counsel and client" is appropriately considered when assessing the efficacy of lesser sanctions.  *Drake*, 375 F.3d at 255.  "The Second Circuit encourages courts to assess whether it is the client or the attorney who is the cause of the delays. . . .  The more the delays are caused by the attorney as opposed to a client, the more a court should attempt to impose lesser sanctions rather than dismissal."  *Barney v. Consol. Edison Co. of N.Y.*, No. 99 Civ. 823, 2007 WL 952035, at *4 (E.D.N.Y. Mar. 28, 2007); *see also Mitchell v. Lyons Prof'l. Servs., Inc.*, 708 F.3d 463, 469 (2d Cir. 2013) (same).  As egregious as Plaintiff's blatant disregard for court orders has been, Judge Mann determined that Plaintiff's counsel, rather than Plaintiff, is largely the source of the continued problems.  (Docket Entry No. 36, Nov. 27, 2012 Mem. & Order at 2.)  Because the blame is properly placed on the shoulders of counsel, this Court should attempt to impose a lesser sanction than dismissal of the Complaint.  *See Barney*, 2007 WL 952035, at *4.  One such lesser sanction is attorney discipline.  Plaintiff's counsel offered no objection to Judge Mann's recommendation that he be reported to the relevant attorney disciplinary committee.  (*See generally* Pl. Obj.)  Pursuant to Local Rule 1.5(f) of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, district judges may refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief.  Although the conduct of Mr. Gluck in ignoring Judge Mann's orders has been egregious, dismissal of the

Complaint with prejudice where the continued failure to comply with court orders is attributable to Mr. Gluck rather than Plaintiff would be unduly harsh. Accordingly, the Court rejects the portion of Judge Mann's Report & Recommendation recommending the dismissal of the Complaint with prejudice. The Court adopts the portion of the Report & Recommendation recommending that Plaintiff's counsel Mr. Gluck be referred to Chief Judge Carol Bagley Amon for referral to the Committee on Grievances for disciplinary action, and, as discussed below, that he be held in contempt of court for his failure to comply with Judge Mann's orders.

### d. Contempt of Court

Plaintiff does not object to Judge Mann's recommendation that he be held in contempt of court. (*See generally* Pl. Obj.) This Court "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. It need not be established that the violation was willful." *Cold Stone Creamery, Inc. v. Gorman*, 361 F. App'x 282, 287 (2d Cir. 2010) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks and citations omitted)).

As demonstrated above, Mr. Gluck has failed to comply with repeated court orders. Most notably, on November 27, 2012, Judge Mann ordered that "Plaintiff's counsel must, by November 30, 2012, deliver to [D]efendant a certified check or bank check in the amount of the June 2012 check that was returned for insufficient funds." (Docket Entry No. 36, Nov. 27, 2012

Mem. & Order.) Judge Mann's order was clear and unambiguous. Proof of Mr. Gluck's non-compliance is clear and convincing. Mr. Gluck admits "that he has failed to provide the [D]efendant with a replacement check." (Pl. Obj. 2.) Mr. Gluck argues that his noncompliance is not willful, but rather is the result of "severe financial distress." (Docket Entry No. 45 Ex. 4, Feb. 4, 2013 Aff. in Support of Pl. Obj.) However, noncompliance need not be willful to warrant a holding of contempt. *Cold Stone Creamery*, 361 F. App'x at 287. Moreover, Mr. Gluck has not demonstrated an inability to pay. He has submitted nothing other than his own assertions of distress to support his claim of lack of funds. Counsel's bare assertions are not sufficient to meet his burden. *See Am. Honda Motor Co., Inc. v. V.M. Paolozzi Imports, Inc.*, No. 10 Civ. 955, 2012 WL 3822132, at *6–7 (N.D.N.Y. Sept. 4, 2012) (finding that the defendants had "not diligently attempted to comply in a reasonable manner" where "[r]egarding their alleged lack of funds, [d]efendants have not filed for bankruptcy and they have submitted *nothing* to the Court beyond Simao's conclusory assertions to support their alleged financial inability to comply fully with the Court's Order" (citing *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) ("[t]he alleged contemnor bears the burden of producing evidence of his inability to comply" and must "establish his inability clearly, plainly, and unmistakably" and failed to do so where he failed to provide any tax returns or other documentation supporting his assertions); *Capital Servs. of N.Y., Inc. v. E–Poxy Indus.*, No. 01 Civ. 873, 2005 WL 2033494, at *7 (N.D.N.Y. Aug. 17, 2005) (granting the plaintiff's request for further sanctions due to the defendants' failure to pay contempt judgment because contemnors had not offered sufficient documentation supporting alleged financial inability to pay their contempt judgment where they submitted "one tax return, one bill of sale, and one transcript of judgment"))); *see also Leser v. U.S. Bank Nat. Ass'n*, No. 09 Civ. 2362, 2011 WL 1004708, at *11 (E.D.N.Y. Mar. 18, 2011) ("[t]he contemnor

13

has the burden of raising this defense and must establish an inability to pay 'clearly, plainly, and unmistakably'" (quoting *Dell Inc. v. Compudirect, Inc.*, 316 Fed. App'x. 32, 34 (2d Cir. 2009) (citing *Huber*, 51 F.3d at 10))).

Judge Mann's November 27, 2012 order was clear and unambiguous, proof of Plaintiff's counsel's noncompliance is clear and convincing, and Plaintiff's counsel has not diligently attempted to comply with the order in a reasonable manner. The Court adopts the portion of Judge Mann's Report & Recommendation recommending that Plaintiff's counsel, Mr. Gluck, be held in contempt of court.

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina*, 369 F.3d at 657 (citing *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979)). "To the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Paramedics Electromedicina*, 369 F.3d at 657 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). "If the fine is compensatory in purpose, the district court has less discretion. Thus where a fine is paid directly to the other party rather than the court, 'the sanction should correspond at least to some degree with the amount of damages.'" *Id.* at 658 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995)). "A sanction may . . . be both coercive and compensatory," however "some proof of loss must be present to justify its compensatory aspects." *Id.* (quoting *N.Y. State NOW v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).

Here, the purpose of the civil contempt order and fine is both coercive and compensatory, intended in part to coerce Plaintiff's future compliance, but primarily to compensate Defendant

14

for Plaintiff's contumacy. The Court awards Defendant the reasonable fees and costs incurred in attempting to compel Mr. Gluck's compliance with the November 27, 2012 order. *See New York v. U.S. Capital Funding, LLC*, No. 09 Civ. 004, 2011 WL 3489914, at *8 (E.D.N.Y. Aug. 9, 2011) (awarding, as compensatory civil contempt remedy, those costs expended by party in attempting to procure contemnor's compliance with court orders (citing *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (district court may award appropriate attorney fees and costs to a victim of contempt))). Defendant shall submit an application in support of those fees and costs within thirty days of this Memorandum and Order. Mr. Gluck will have fourteen days to respond.

### III. Conclusion

Counsel's continuous and flagrant flouting of Judge Mann's orders is reprehensible. Having considered Defendant's motion *de novo*, the Court adopts Judge Mann's Report & Recommendation in part and rejects it in part. Defendant's motion to dismiss the Complaint with prejudice is denied. Pursuant to Local Rule 1.5(f), the Court is referring this case to Chief Judge Carol Bagley Amon for referral to the Committee on Grievances for possible disciplinary proceedings. Mr. Gluck is hereby held in civil contempt of court. Defendant shall submit its application for fees and costs within thirty days of this Memorandum and Order. Mr. Gluck shall submit any opposition thereto no later than fourteen days thereafter. Mr. Gluck is directed to

serve a copy of the Report & Recommendation along with this Court's Memorandum and Order on Plaintiff and to file the Affidavit of Service with the Court.

SO ORDERED.

S/ MKB

MARGO K. BRODIE
United States District Judge

Dated: May 21, 2013
       Brooklyn, New York