UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MOHAMMAD AKMAN,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                               11-CV-3252 (MKB)

                v.

PEP BOYS MANNY MOE & JACK OF
DELAWARE, INC., d/b/a PEP BOYS AUTO,

                       Defendant.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Plaintiff Mohammad Akman filed the above-captioned action on July 5, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. (Docket Entry No. 1.) On May 21, 2013, Plaintiff's counsel, Joel Gluck, was held in civil contempt of court for his continuous and flagrant flouting of court orders. (Docket Entry No. 47.) The Court awarded Defendant Pep Boys Manny Moe & Jack of Delaware, Inc., doing business as Pep Boys Auto, the reasonable fees and costs incurred in attempting to compel Mr. Gluck's compliance with Magistrate Judge Roanne Mann's November 27, 2012 order to deliver previously ordered monetary sanctions to Defendant. (*Id.*) Defendant was directed to submit its application for fees and costs within thirty days of the May 21, 2013 Memorandum and Order, and Mr. Gluck was directed to submit any opposition thereto no later than fourteen days thereafter. (*Id.*) On June 20, 2013, Defendant submitted its application for fees and costs. (Docket Entry No. 48.) Defendant submitted additional supporting information, as directed by the Court, on June 28, 2013 and July 30, 2013. (Docket Entry Nos. 50, 52.) No opposition was

submitted. Having reviewed Defendant's application, for the reasons set forth below the Court awards Defendant $3,928.00 in fees and $200.33 in costs.

## I. Attorneys' Fees

### a. Hourly Rates

In deciding whether fees and costs are reasonable, the Court must consider "what a reasonable client would be willing to pay." *Trs. of Local 813 Ins. Trust Fund v. Bradley Funeral Serv., Inc.*, No. 11-CV-2885, 2012 WL 3871759, at *5 (E.D.N.Y. Aug. 10, 2012), *report and recommendation adopted*, 2012 WL 3871755 (E.D.N.Y. Sept. 4, 2012); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). According to the forum rule, courts should assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–76 (2d Cir. 2009) (discussing the forum rule). The reasonable hourly rate determined by the court is multiplied by the number of hours reasonably expended, resulting in a "presumptively reasonable fee" or lodestar amount. *Id.* at 174.

To obtain an award of attorneys' fees, a plaintiff must provide contemporaneous time records. *See Scott v. City of New York*, 643 F.3d 56, 58–59 (2d. Cir. 2011); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. . . . Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done.'" (citing *Hensley v. Eckerhart*, 461 U.S. 424, 453 (1983) and *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007); quoting *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136,

48 (2d Cir. 1983)))).  Where the party seeking an award "has submitted no evidence of the prevailing market rate for attorneys of like skill litigating [similar] cases, it is within the court's discretion to determine a reasonable hourly rate.  *Moreno v. Empire City Subway Co.*, No. 05-CV-7768, 2008 WL 793605, *7 (S.D.N.Y. Mar. 26, 2008); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 274 (E.D.N.Y. 2010) (same); *Trs. of the Local 813 Ins. Trust Fund v. Tres Chic*, No. 09-CV-5452 , 2010 WL 3782033, at *4 (E.D.N.Y. Aug. 16, 2010) (same), *report and recommendation adopted as modified on other grounds*, 2010 WL 3746942 (E.D.N.Y. Sept. 20, 2010).

Defendant seeks an award of attorneys' fees calculated at a blended rate of $360 per hour for attorneys and $245 per hour for paralegal services.  (Sturniolo Certification ¶ 8, Ex. B.) Defendant has not submitted any evidence as to prevailing rates for attorneys' fees in similar cases in the Eastern District of New York.  Although the Second Circuit has not endorsed the use of a blended rate, *see McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 (2d Cir. 2006), courts in this Circuit have awarded attorneys' fees based on blended rates in cases involving law firms where attorneys with different billing rates have worked together on a case.  *See, e.g.*, *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696, 2013 WL 950573, at *7 (E.D.N.Y. Mar. 12, 2013) (collecting cases); *Jackson Hewitt, Inc. v. Excellent Prof'l Servs., LLC*, No. 08-CV-5237, 2010 WL 5665033, at *4 (E.D.N.Y. Nov. 8, 2010), *report and recommendation adopted*, 2011 WL 317969 (E.D.N.Y. Jan. 31, 2011); *Carter v. Copy Train, Inc.*, No. 02-CV-7254, 2004 WL 690746, at *1 (S.D.N.Y. Mar. 30, 2004).

While the Court finds that the use of a blended rate is acceptable, Defendant's requested blended rate of $360 is not reasonable.  "Recent opinions issued by courts within the Eastern

3

District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Pall Corp. v. 3M Purification Inc.*, No. 97-CV-7599, 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) (citation and internal quotation marks omitted) (collecting cases); *see also Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (summary order) (assessing the prevailing rates in the Eastern District of New York). Defendant has not explained why it is entitled to such a high blended rate. Defendant has submitted documentation of 24.1 hours billed by attorneys on relevant work, but only 0.2 hours of that time was performed by a partner. (*See* Sturniolo Certification Ex. B.) The remaining 23.9 hours were billed by associates, one of whom graduated from law school in 2004, and the other of whom graduated from law school in 2009. (*Id.*; Banks Declaration ¶ 13.) Based on the evidence presented to the Court, the Court reduces the requested blended attorney rate to $200 per hour.

The Court also finds the rate of $245 per hour for paralegal services to be unreasonably high. Defendant has not provided any explanation as to why it is entitled to such a high rate for paralegal services. "Recently, reasonable hourly rates in this district have ranged from . . . $70–$100 for paralegals." *Ferrara v. Prof'l Pavers Corp.*, No. 11-CV-1433, 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) (surveying cases and utilizing a rate of $80 per hour for paralegal); *see also Guzman v. Joesons Auto Parts*, No. 11-CV-4543, 2013 WL 2898154, at *5 (E.D.N.Y. June 13, 2013) ("For paralegals, the presumptively reasonable hourly billing rate is $75.00."); *Apex Mar. Co., Inc. v. Furniture, Inc.*, No. 11-CV-5365, 2013 WL 2444151, at *6 (E.D.N.Y. June 5, 2013) (adopting recommendation to reduce paralegal rate from $130 per hour to $80 per hour). The Court reduces the rate for the work performed by the paralegal to $80 per hour.

4

b.  **Hours Billed**

The award sought by Defendant is based on 0.2 hours billed by a partner, 11 hours billed by an associate, 12.9 hours billed by a second associate, and 2.1 hours billed by a paralegal. (Sturniolo Certification Ex. B.)  Having reviewed the time records submitted by Defendant, the Court finds that the time spent on the underlying matter is reasonable.  However, more than a quarter of the total time for which Defendant is seeking reimbursement was spent in preparing the fee application.  (*See* Banks Declaration Ex. A (detailing 7.2 hours billed by an associate for preparing the fee application).)

A party may be compensated for the expense of making a fee application.  *See, e.g.*, *Libaire v. Kaplan*, No. 06-CV-1500, 2011 WL 7114006, at *8 (E.D.N.Y. June 17, 2011) ("[I]t is well-settled that in a garden-variety fee application the time spent preparing the application is compensable.") (collecting cases), *report and recommendation adopted as modified on other grounds*, 2012 WL 273080 (E.D.N.Y. Jan. 30, 2012); *see also Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-CV-9790, 2010 WL 3958737, at *1 (S.D.N.Y. Oct. 4, 2010) ("The courts have long held that when a party is to be awarded fees, he is ordinarily entitled to be compensated for the expense of making the fee application.").  However, "[c]ourts have usually limited fee application awards to an amount substantially less than the fees awarded on the main claim." *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-CV6466, 2008 WL 2004001, at *8 (E.D.N.Y. May 7, 2008) (citing *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 525 (S.D.N.Y. 2002) (where plaintiff's attorneys spent 215 hours preparing and defending a fee application and only 410 hours on the entire litigation, the court reduced plaintiff's attorneys' request of $66,675.75 in fees for the application to ten percent of the amount of fees awarded for the underlying litigation, or $4,974.90)); *Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 261–62 (S.D.N.Y. 2001) (recognizing that "courts within this Circuit have awarded fee

5

application awards in the range of 8 to 24 percent of the total time claimed.")). Defendant's fee application was unopposed and did not include any memorandums of law or legal support. *See Colbert*, 144 F. Supp. 2d at 262 (considering whether memorandums of law and legal citations were submitted in support of a fee application in order to evaluate the level of work involved and determine whether the time spent preparing the application was excessive). Based on these facts, the Court finds that an award on the low end of the range recognized within this Circuit is appropriate. Nineteen hours were billed on the underlying matter; ten percent of 19 hours is 1.9 hours. The 12.9 hours requested for the associate who prepared the fee application are accordingly reduced to 7.6 hours, reflecting an award of 1.9 hours for preparing the fee application rather than the requested 7.2 hours.

### c. Total Fees

Multiplying the reasonable blended attorney rate of $200 per hour and the paralegal rate of $80 per hour by the reasonable hours — 0.2 hours for the partner, 11 hours for the first associate, 7.6 hours for the second associate and 2.1 hours for the paralegal — the Court awards Defendant reasonable fees in the amount of $3,928.

## II. Costs

Defendant seeks reimbursement for $7.18 of FedEx charges and $193.15 of Westlaw research charges. (Sloan Declaration ¶ 7.) "Expenditures for . . . postage . . . are routinely recoverable . . . ." *Libaire*, 2011 WL 7114006, at *9, *report and recommendation adopted as modified on other grounds*, 2012 WL 273080; *see also Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 212 (E.D.N.Y. 2007) (allowing recovery of Federal Express costs)). As for Westlaw charges, online research charges can be included as an element of a fee award if those charges are normally billed to clients. *See Arbor Hill*, 369 F.3d at 98 ("the charges for such online research may properly be included in a fee award" where the attorney "normally bills its

6

paying clients for the cost of online research services"); *see also Libaire*, 2011 WL 7114006, at *9 ("This Circuit has also approved the award of online research charges as an element of a fee award if those charges are normally billed to clients."). Expenses which are part of an attorneys' ordinary overhead are not reimbursed. *Pall Corp.*, 2012 WL 1979297, at *3. Defendant has submitted documentation indicating that its Westlaw charges are invoiced to the client and are not considered part of its overhead. (*See* Banks Declaration ¶ 11, Ex. B.) The Court finds this amount to be reasonable and awards Defendant costs in the amount of $200.33.

### III. Conclusion

For the reasons set forth above and in the Court's Memorandum and Order dated May 21, 2013, the Court grants Defendant's application for fees. The Court awards Defendant fees in the reduced amount of $3,928 and costs in the amount of $200.33, payable by Plaintiff's counsel Joel Gluck.

SO ORDERED:

\_\_\_\_S/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 7, 2013
      Brooklyn, New York